**DEPARTMENT OF SOCIAL SERVICES, Appellant,**

**v.**

**ROBERT KOCH HOSPITAL, et al., Respondents.**

**No. WD 43785.**

Missouri Court of Appeals, Western District.

Aug. 6, 1991.

Linda M. Shine, Jefferson City, for appellant.

James W. Wilson, Edward J. Hanlon, St. Louis, for respondents.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

KENNEDY, Presiding Judge.

This is an appeal by the Department of Social Services from a judgment of the circuit court affirming a decision of the Administrative Hearing Commission. The Administrative Hearing Commission held, contrary to the position of the Department of Social Services, that certain operating costs of Robert Koch Hospital and Truman Restorative Center, both owned and operated by the City of St. Louis, were reimbursable under 13 CSR[1] 40–81.080 (1978 Edition), entitled "Cost Related Reimbursement Plan for Long Term Care."[2]

Robert Koch Hospital is licensed as an intermediate care facility ("ICF"), and Tru-

man Restorative Center is a licensed skilled nursing facility ("SNF/ICF"). Both were participating in the Missouri Title XIX Medicaid program. The costs in dispute were those paid out for physician, pharmacist, physical therapist and laboratory services rendered to long term care patients at the two respondent institutions. The largest component of the costs denied reimbursement were salaries paid to physicians, pharmacists and physical therapists. These professionals were employees of the City of St. Louis. The amount of the disputed costs disallowed by the Department is $502,226.07, for the fiscal year ending April 30, 1980.

The Department maintains that the professionals rendering the services should bill the Department directly on a fee-for-service basis, and the fees would be reimbursable under other Medicaid programs. The Department notes the employees are professionals required by state law to be licensed, and that the Department's requirement of direct billing by the immediate provider of professional services on a fee-for-service basis enables the Department to determine "that those services were actually performed by qualified individuals and actually provided."

We hold that the costs in question are reimbursable to respondent institutions under the terms of 13 CSR 40–81.080 (1978 Edition).[3] The relevant language of the regulation is as follows:

SNF and ICF services and supplies covered by this plan are those *found* in 42 CFR[4] 442.110–442.516 which include among other services, the regular room, dietary and nursing services, or any other services that are *required for standards of participation or certification;* also included are minor medical and surgical supplies and the use of equipment and facilities ... These items *include, but are not limited* to the following * * *. (Emphasis supplied).

---

1. Code of State Regulations.

2. Moved to 13 CSR 70–10.005.

3. Moved to 13 CSR 70–10.005.

4. Code of federal regulations.

13 CSR 40–81.080(5)(C)1.[5] The list of items following do not include the services for which reimbursement is sought and which has been disallowed by the Department.

The costs which are in dispute here are for services which are "found" in 42 CFR 442.100–.516,[6] referred to in the above regulation of the department, and are "required [by such federal regulation] for standards of participation or certification." 42 CFR 442.341 provides that the staff of an institution must have a health care plan for each resident ... according to the instruction of the attending *or a staff physician.* (Emphasis added). The institution is required to have "policies and procedures to insure that the health care of each resident is under the continuing supervision of a physician," 42 CFR 442.346(a), and must provide each resident with health care services including treatment, medication, diet, and any other health service prescribed or planned for the resident. 42 CFR 442.-338(a)(2). Further, 42 CFR 442.346(b) mandates regular physician visits to residents.

42 CFR 442.333 provides that an institution must either employ a licensed pharmacist or arrange for such services. Medication given to residents must be ordered by the attending or staff physician, 42 CFR 442.334(a), and must be reviewed quarterly by the physician. 42 CFR 442.336(b).

Under 42 CFR 442.343, an institution is required to provide rehabilitative services for residents as needed, and may provide such services itself or arrange for such services from outside sources. Any such rehabilitative service must be performed by a qualified therapist or assistant pursuant to the attending physician's order. *Id.*

The Department argues that the range of services covered by the referenced federal regulation is limited by other language in the Department regulation. It says the regulation's listing of specific services allowable for reimbursement does not expressly include the professional and paraprofessional services in dispute here, and that the disputed services are not of the same character as those listed. We note, however, that the Department regulation says the facility's services for which reimbursement may be had, "are not limited to" the services so listed. Our rejection of the Department's argument is based upon two considerations—first, that the medical and other professional services for which reimbursement is sought are at least closely related to the listed allowable services, and, second, that the Department regulation's clear reference to the services covered by the federal regulation overcomes any claimed tenuousness of relationship between the services itemized in the Department regulations and the medical and other services in dispute here.

We have noted the Department's argument that 42 CFR 442.100–.516 does not require the intermediate care facility or skilled nursing facility to have physicians, pharmacists and physical therapists in its employment in order to comply with 42 CFR 442.100–.516. This is undoubtedly so; the facility could meet the regulation's requirements by some other kind of arrangement with the health professionals, so long as the services to the patients were in some manner assured. But it does not follow that if the facility elects to comply with the standards of 42 CFR 442.100–.516 by the employment of physicians, pharmacists and physical therapists, the wages and salaries of such professionals are not reimbursable costs of the facility.

Judgment affirmed.

All concur.

---

**5.** This same language is found in 13 CSR 70–10.005(5)(C)1.

**6.** All citations to the Code of Federal Regulations (CFR) are to those regulations in force at all relevant times herein.